UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION



CRIMINAL NO. 5:06CR54-Britt

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | **CONSENT ORDER AND** |
| ) | **JUDGMENT OF FORFEITURE** |
| JEREMY DAGAN JAYNES, ) | |
| ) | |
| Defendant. ) | |

BASED UPON the defendant's plea of guilty, and finding that there is a substantial nexus between the property listed below and the offense(s) to which the defendant has pled guilty and that the defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1. the following property is forfeited to the United States pursuant to 18 U.S.C. §982, 18 U.S.C. §3665, 21 U.S.C. §853, 26 U.S.C. §5872, and/or 28 U.S.C. §2461(c):

    **(a) all assets in the following financial/investment accounts, whether titled in the defendant's name, in the name of Streamline Capital Group, or in the name of Solid Consulting Group:**

    **BB&T account no. xxxxxxxxx8788 in the amount of approximately $1,602,912.08 .**

    **Zion's Bank account no. xxxxxx6356 in the amount of approximately $45,000.**

    **(b) all shares of stock held by defendant in the following corporations:**

    **BodyScan Corp.**

    **Absolute Health & Fintess, Inc.**

    **Concorde America, Inc.**

    **Bio-Heal Laboratories Corp.**

    **GTX Global Corp.**

    **(c) ownership interests in certain companies, further described as follows:**

Bovee Enterprises LLC

Barranquilla Holdings, SA

Chiang Ze Capital AVV

Ryzcek Investments, Gmbh

Keel Enterprises, LLC

DaSilva, SA

Vanderlip Holdings, NV

Jonti Warburg Ltd.

Stromberti Esse, Gmbh

Gibson Island Enterprises, LLC

Bela Enterprises, Ltd.

Walcott Indies Ltd.

Laureate's Way, Inc.

Toubetskoy & Co. Limited

Toussaint Liberte, SA

Valcien SA

Gousef Limited

Veronta Enterprises Ltd.

Fine Line Corp.

(d) the sum of $1,338,000 in United States funds held by or transferred to defendant Jaynes' co-conspirators.

(e) any and all European assets and Russian business interests and assets purchased directly or indirectly by Jaynes with proceeds of the securities fraud schemes in which he was involved.

(f) an interest in Pacific Trust and Pacific Testamentary Trust, including assets formerly or currently held by those trusts, as follows:

> Caja de Ahorros (Panama) account no. xxxxxxxx3085 in the name of Walter Hannen with an approximate balance of $300,000.
>
> ExactPay (First Curacao International Bank) account no. xx-xxx-xx0606-01 in the name of Walter Hannen with an approximate balance of $9,037.
>
> Merrill Lynch account no. xxx-x7F53 in the name of Sterling Trust Ltd. in the amount of approximately $800,000 plus interest earned thereon since February 10, 2005.

2. the United States Marshal and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above-described tangible property;

3. upon the seizure of any property to satisfy all or part of the judgment, the United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the seized property, and shall publish notice of this forfeiture as required by law;

4. any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest;

5. following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of defendant's crime(s) herein or property used in any manner to facilitate the commission of such offense(s) and are therefore subject to forfeiture pursuant to 18 U.S.C. §924(d), 18 U.S.C. §982, 21 U.S.C. §853, 26 U.S.C. §5872, and/or 28 U.S.C. §2461(c). The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant.

GRETCHEN C. F. SHAPPERT                    UNITED STATES ATTORNEY

_____
MATTHEW T. MARTENS
Assistant United States Attorney

_____
JEREMY D. JAYNES
Defendant

_____
Christopher C. Fialko
Attorney for Defendant

Signed this the 6TH day of May, 2008.

_____
W. EARL BRITT
Senior UNITED STATES DISTRICT JUDGE

4