UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
NO. 5:06CR54-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **PRELIMINARY ORDER** |
| | ) | **OF FORFEITURE** |
| JEREMY DAGAN JAYNES, | ) | |
| | ) | |
| Defendant. | ) | |

In the bill of information in this case, filed on October 16, 2006, the United States sought forfeiture of property of defendant pursuant to 18 U.S.C. § 982, 21 U.S.C § 853, and 28 U.S.C. § 2461(c) as property that was proceeds of and/or was involved in the crime(s) charged, together with any other substitute property, which would be subject to forfeiture under § 853(p).

Defendant subsequently pled guilty to Count One in the bill of information and was adjudged guilty of the offense charged. In a Consent Order and Judgment of Forfeiture (Doc. 38) filed on May 6, 2008, defendant has agreed to forfeit the sum of $1,338,000 in United States funds held by or transferred to defendant Jaynes' co-conspirators. Under 21 U.S.C. § 853(p), the government has moved to substitute other specific property of defendant, consisting of two Rolex watches, for a corresponding portion of the $1,338,000. Defendant has consented.

It is therefore ORDERED:

1. Based upon defendant's plea of guilty, the United States is authorized to seize the following property belonging to defendant, and it is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. § 853(n): two Rolex watches, consisting of one gold Rolex Submariner with blue bezel and one gold Rolex Oyster Perpetual, valued at $14,000 and $15,000, respectively.

2. Pursuant to 21 U.S.C. § 853(n)(1), the government shall publish as required by law notice of this order; notice of its intent to dispose of the property in such manner as the Attorney General may direct; and notice that any person, other than the defendant, having or claiming a legal interest in the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this order of forfeiture, as a substitute for published notice as to those persons so notified.

3. Upon adjudication of all third-party interests, this Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n).

This 27 April 2016.

_____
W. Earl Britt
Senior U.S. District Judge